42 F.3d 1386
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Andrew A. PROTOGYROU, Administrator of the estate of
Emmanuel Pikos, Plaintiff-Appellee,
v.
Farrell LINES, Defendant-Appellant,
and
THE CONNECTICUT NATIONAL BANK, Defendant.
Andrew A. PROTOGYROU, Administrator of the estate of
Emmanuel Pikos, Plaintiff-Appellant,
v.
Farrell LINES, Defendant-Appellee,
and
THE CONNECTICUT NATIONAL BANK, Defendant.
 Nos. 93-2271, 93-2295.
 United States Court of Appeals, Fourth Circuit.
 Dec. 2, 1994.
 
 ARGUED: John Early Holloway, HUNTON & WILLIAMS, Norfolk, VA, for Appellant. Alan Patrick Owens, Norfolk, VA, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HAMILTON, Circuit Judge, BUTZNER, Senior Circuit Judge, and GARBIS, United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Seaman Emmanuel Pikos brought a suit in admiralty for maintenance and cure against Farrell Lines. The magistrate judge found that Pikos reached maximum cure for his condition on December 22, 1989. He refused to award Pikos attorneys' fees or prejudgment interest. Farrell Lines appealed, and Pikos cross-appealed the denial of prejudgment interest. We affirm.
 
 
 2
 * Pikos suffers from incurable colitis. He fell ill in December 1988 while serving aboard a ship owned by Farrell Lines. After examining Pikos in January 1989, Dr. Rudolf Schuster diagnosed his condition as acute enteritis. Pikos entered the hospital on January 12, 1989. Upon further testing, Pikos was found to be HIV-positive. Pikos responded favorably to antibiotics and left the hospital on February 14, 1989. He steadily improved, and on June 30, 1989, Dr. Schuster declared him fit for duty. Farrell Lines terminated maintenance and cure payments.
 
 
 3
 On August 16, 1989, and later in the fall, Pikos suffered relapses of his colitis. On October 23, 1989, Pikos was again hospitalized. During this hospitalization Dr. David Johnson determined that Pikos was suffering from chronic idiopathic colitis. Pikos was released from the hospital on December 22, 1989.
 
 II
 
 4
 We will not set aside the district court's findings of fact unless they are clearly erroneous. Fed.R.Civ.P. 52(a); see Ente Nazionale per L'Energia Electtrica v. Baliwag Navigation, Inc., 774 F.2d 648, 653-54 (4th Cir.1985).
 
 
 5
 A shipowner's duty to provide maintenance and cure does not extend to conditions caused by venereal disease. See Aguilar v. Standard Oil Co., 318 U.S. 724, 731 (1943) (dictum). The magistrate judge rejected Farrell Lines' argument that Pikos's colitis was caused by his infection with HIV or AIDS. He noted two letters written by Dr. John Warner in 1992, in which Dr. Warner referred to "AIDS-related colitis" and "immunosuppression from AIDS." The magistrate judge discounted these letters because Dr. Warner had later retreated from this position, conceding that the etiology of the colitis was unknown. After examining the record, we find no error in the magistrate judge's determination that there is not sufficient evidence to establish that HIV or AIDS caused Pikos's colitis.
 
 
 6
 A shipowner's duty to provide maintenance and cure extends until the seaman is "cured" or his sickness or incapacity is declared to be permanent. Vella v. Ford Motor Co., 421 U.S. 1, 5 (1975); Farrell v. United States, 336 U.S. 511, 517-18 (1949). This point in time, known as "maximum cure," is reached "when it appears probable that further treatment will result in no betterment of the seaman's condi tion." Pelotto v. L & N Towing Co., 604 F.2d 396, 400 (5th Cir.1979).
 
 
 7
 Farrell Lines argues that Dr. Warner's diagnosis, in January 1989, of AIDS-related colitis terminated its duty to provide maintenance and cure, since (1) this was a diagnosis of an incurable condition; and (2) Pikos's actual condition, chronic idiopathic colitis, is in fact incurable.
 
 
 8
 The magistrate judge found that, although it ultimately appeared that Pikos was in fact suffering all along from an incurable condition, an accurate determination regarding this condition was not made with reasonable certainty until Pikos's October-December 1989 hospitalization, after much testing and observation. Moreover, Dr. Warner stated in his deposition that he was no longer convinced that his original diagnosis of AIDS-related colitis was accurate.
 
 
 9
 The magistrate judge properly rejected Farrell Lines' argument that Dr. Schuster's fit-for-duty determination on June 30, 1989, terminated Farrell Lines' duty to provide maintenance and cure. He noted that Dr. Schuster testified at his deposition that he had only made such a finding to "boost" Mr. Pikos. Issuance of a fit-for-duty slip by an examining physician does not necessarily mean a seaman has been cured. See Gooden v. Sinclair Refining Co., 378 F.2d 576, 579 (3d Cir.1967). After reviewing the record, we conclude that the magistrate judge's finding that Pikos attained maximum cure for his colitis on December 22, 1989, is adequately supported by the evidence.
 
 III
 
 10
 In U.S. Fire Ins. Co. v. Allied Towing Corp., 966 F.2d 820 (4th Cir.1992), this court stated that although awarding prejudgment interest in maritime cases is the general rule, a court may deny such an award if "peculiar circumstances" would make it inequitable. 966 F.2d at 828. We cited as typical examples of peculiar circumstances "an unwarranted delay in bringing suit" and "a genuine dispute regarding liability." 966 F.2d at 828 n. 14.
 
 
 11
 Pikos filed suit in December 1992, a full three years after the events underlying his claim for maintenance and cure. In addition, our review of the record indicates that Farrell Lines' refusal to provide maintenance and cure after June 30, 1989, was grounded in a genuine dispute as to liability. On these facts, we hold that the magistrate judge exercised sound discretion in refusing to award Pikos prejudgment interest.
 
 AFFIRMED